```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

ISIAH BO'CAGE VOS,             )   MEMORANDUM DECISION & ORDER
                               )   DENYING HABEAS CORPUS PETITION
          Petitioner,          )
                               )   Case No. 2:08-CV-869 CW
     v.                        )
                               )   District Judge Clark Waddoups
STEVEN TURLEY,                 )
                               )
          Respondent.          )
_____
```

Petitioner, Isiah Bo'Cage Vos, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

### BACKGROUND

Petitioner was convicted in Utah state court of one count of first-degree felony murder with a firearm enhancement, for which he was sentenced to one term of five years to life, with an additional year to be served consecutively. His conviction was upheld in a Utah Court of Appeals opinion.[2] Petitioner then filed a certiorari petition in the Utah Supreme Court. There, he brought but one challenge:

> Did the Court of Appeals err in concluding a defendant's unwarned statement is admissible at trial because the defendant was represented by counsel during custodial interrogation, where the defendant was not given *Miranda* warnings, was not otherwise informed of his Fifth Amendment rights

---

[1]*See* 28 U.S.C.S. § 2254 (2012).

[2]*State v. Vos*, 164 P.3d 1258, 1259 (Utah Ct. App. 2007).

>against self-incrimination, and did not
>voluntarily waive those rights?[3]

The supreme court summarily denied his petition.[4]

Here, Petitioner raises the following issues of ineffective assistance of counsel:  Counsel (1) inadequately investigated the situation before advising Petitioner to talk to the police; (2) inappropriately locked into an "imperfect self defense" defense, excluding other possible defenses; (3) failed to require police to give Petitioner a *Miranda* warning; (4) coerced Petitioner into giving his statement; and (5) posed a conflict of interest when he talked, unauthorized, to a detective about Petitioner's case, implicating Petitioner.  Petitioner also raises the same *Miranda*[5] issue he raised before the Utah Supreme Court.

The State responded to the petition, arguing that the ineffective-assistance-of-counsel grounds are procedurally defaulted.  It also argues that the *Miranda* issue does not warrant habeas relief.

## ANALYSIS

### I. Procedural Default

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the

---

[3]Petition for Writ of Certiorari to the Utah Court of Appeals [Dkt. 12, Ex.D, p.1]

[4]*State v. Vos*, 186 P.3d 347 (Utah 2007).

[5]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Utah courts.[6]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[7]  Here, Petitioner did not present his issues to the highest court available, the Utah Supreme Court.

The United States Supreme Court has said that when a petitioner has not exhausted "'his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[8]

The ineffective-assistance issues Petitioner raises here are now ineligible to be exhausted in the Utah courts.  Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[9]  The grounds Petitioner presents could have been brought on appeal and are therefore disqualified for state post-conviction relief now.

---

[6]See 28 U.S.C.S. § 2254(b) & (c) (2012); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[7]*See Picard*, 404 U.S. at 275-76.

[8]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[9]Utah Code Ann. § 78B-9-106(1) (2012); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .").

The Court therefore applies the doctrine of "anticipatory procedural bar," which "'occurs when the federal courts apply [a] procedural bar to . . . [a] claim [not fairly presented to the state court] that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.'"[10] Petitioner's ineffective-assistance-of-counsel issues "are thus considered exhausted and procedurally defaulted for purposes of habeas review."[11]

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[12] Construing the petition liberally as it must, the Court infers that Petitioner possibly argues cause and prejudice and a fundamental miscarriage of justice justify his procedural default.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[13] Meanwhile, to

---

[10] *Robinson v. Davis*, No. 11-1525, 2012 U.S. App. LEXIS 3020, at *9 (10th Cir. Feb. 16, 2012) (unpublished) (alterations in original) (quoting *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quotations omitted)).

[11] *Id.* at *10.

[12] *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

[13] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[14]

Petitioner possibly asserts that ineffective assistance of counsel--i.e., prison-contract-attorney flawed advice about a potential state post-conviction application--and his lack of legal knowledge are circumstances satisfying the cause-and-prejudice standard. However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings,"[15] and, so, state post-conviction counsel's performance cannot be the basis of an ineffectiveness claim that would establish cause and prejudice excusing a procedural default.[16] Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Nor does he at all hint how he was *actually* and substantially disadvantaged. Under Tenth Circuit case law, lack of legal resources and knowledge are also circumstances that do not carry

---

[14]*Butler v Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[15]*Coleman*, 501 U.S. at 752.

[16]*Id.*; *Cummings v. Sirmons*, 506 F.3d 1219, 1223 (10th Cir. 2007) ("[A]lthough [petitioner] appears to be asserting that the attorney who represented him in his state post-conviction proceedings was ineffective for failing to raise the claim, that is insufficient to establish cause and prejudice because a criminal defendant is not constitutionally entitled to representation by counsel in state post-conviction proceedings.").

Petitioner's burden to show cause.[17]  Indeed, these are also factors *internal* to Petitioner's defense.

Finally, Petitioner possibly suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition.  To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[18] Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[19] Petitioner is burdened with making "a proper showing of factual innocence."[20]

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies.  Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but

---

[17]*Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims).

[18]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[19]*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[20]*Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

whether Petitioner is factually innocent.  This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court determines Petitioner properly raised before the Utah Supreme Court none of the ineffective-assistance issues brought here.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice to excuse his default.

## II. *Miranda* Warning

### A.  Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254, of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which this habeas petition is filed.  It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the

> facts in light of the evidence presented in the State court proceeding.[21]

"Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error."[22]

There being no question of factual error here, the Court's inquiry centers on whether the court of appeals's rejection of Petitioner's *Miranda* claim "was contrary to, or involved an unreasonable application of, clearly established Federal law."[23] This "'highly deferential standard'"[24] is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a '"guard against extreme malfunctions in the state criminal justice systems,"' and not as a means of error correction."[25] The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome.[26] "The role of federal habeas proceedings, while important in assuring that constitutional

---

[21] 28 U.S.C.S. § 2254(d) (2012).

[22] *House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

[23] 28 U.S.C.S. § 2254(d)(1) (2012).

[24] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citation omitted).

[25] *Greene v. Fisher*, 132 S. Ct. 38, 43-44 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment))).

[26] *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

rights are observed, is secondary and limited."[27]  And, "[t]he petitioner carries the burden of proof."[28]

Under *Carey v. Musladin*,[29] the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[30]  Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law."[31]

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[32]

In deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis.[33]

---

[27]*Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[28]*Cullen*, 131 S. Ct. at 1398.

[29]549 U.S. 70 (2006).

[30]*House*, 527 F.3d at 1017-18.

[31]*Id.* at 1018.

[32]*Id.* at 1016.

[33]*See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case."[34]  This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law.[35]  "'Rather that application must also be unreasonable.'"[36]  Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'"[37]

This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner.[38]  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings."[39]  It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.  It

---

[34]*Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

[35]*See id.*

[36]*Id.* (quoting *Williams*, 529 U.S. at 411).

[37]*Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

[38]*Id.* at 786.

[39]*Id.* at 786 (citation omitted).

goes no farther."[40] To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[41] It is against this backdrop that this Court now applies the standard of review to the circumstances of this case.

### B. Application of Standard of Review

Petitioner urges this Court to overturn the Utah Court of Appeals's decision that his *Miranda* rights were not violated by admission at trial of Petitioner's statement to police. Petitioner argues that, before giving his statement to police, he should have been told of his *Miranda* right against self incrimination and given the chance to waive that right. This, despite the fact that his counsel was present during the custodial interrogation during which he gave his statement.

Noting again that review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners, this Court observes that the court of appeals selected the correct governing legal principle with which to analyze the

---

[40] *Id.*

[41] *Id.* at 786-87.

*Miranda* issue.[42]  It is, of course, *Miranda v. Arizona* itself.[43]  As required by the standard of review, the Court now analyzes whether the court of appeals's application of *Miranda* was reasonable.  In analyzing this issue under *Miranda*, the Utah Court of Appeals explained:

> *Miranda* established that the State "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  *Id.* at 444.  The procedural safeguards to which the Supreme Court referred are, of course, the famous warnings that a person "has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."  *Id.*  However, the Court also recognized that the warnings are not the only possible means of ensuring the right against self-incrimination and are not required if there are "other fully effective means . . . to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it."  *Id.*
>
> One such effective means is the actual presence of counsel during police questioning.  *Miranda* itself expressly states as much:  "The presence of counsel, in all the cases before us today, would be the adequate protective device necessary to make the process of police interrogation conform to the dictates of the privilege [against self-incrimination]."  *Id.* at 466.  The prophylactic effect provided by the presence

---

[42]*Vos*, 164 P.3d at 1261-63.

[43]384 U.S. 436 (1966).

of counsel is so great that the Court goes on to suggest that counsel's presence may, in certain circumstances, allow police questioning even after an individual indicates his or her desire to remain silent. *See id.* at 474 n. 44.  Thus, *Miranda* itself provides strong support for the State's argument that Bucher's presence obviated any need for Parks to advise Vos of his rights and secure a waiver of those rights. . . .

   Thus, counsel's presence at a custodial interrogation does not act as a waiver or forfeiture of any right that an accused person may have to receive *Miranda* warnings, but rather *substitutes* for the warnings as a means of protecting the accused's privilege against self-incrimination.

   This is especially true where counsel is not only present at the interrogation but has also been allowed the opportunity to consult with the accused prior to questioning.  Here, Vos spoke with Bucher about the case on at least one occasion prior to his statement, and the two had discussed Bucher's preferred case strategy of self-defense.  Bucher then arranged the meeting between Vos and Parks. Finally, and importantly, at the time of Vos's statement, Parks allowed Vos and Bucher to have a lengthy private consultation prior to any questioning. Several other courts have found the opportunity for consultation to be a relevant consideration in determining that counsel's presence at a custodial interrogation obviates the need for *Miranda* warnings.  *See, e.g., Smith,* 832 So. 2d at 98; *Mounts,* 784 P.2d at 795-96; *Collins v. State,* 420 A.2d 170, 176-77 (Del. 1980).

   We agree with the State that, in light of the presence and actions of counsel at the time of Vos's statement, Parks was not required to give Vos *Miranda* warnings or secure an express waiver of rights from Vos prior to taking his statement.  We hold that there is no need for *Miranda* warnings prior to a custodial interrogation when an accused

> person has had the meaningful opportunity to consult with counsel and counsel is actually present during questioning. As stated in *Miranda,* counsel's presence ensures that "statements made in the government-established atmosphere are not the product of compulsion." 384 U.S. at 466. Because Vos had counsel present and was allowed the opportunity to consult with counsel prior to questioning, Parks was not required to give the *Miranda* warnings and secure Vos's waiver of rights prior to taking his statement. Accordingly, we affirm the district court's denial of Vos's motion to suppress.[44]

The court of appeals also distinguished and rejected in detail a couple of cases from other state courts[45] that Petitioner cited for the proposition that *Miranda* warnings were required under his facts. Both cases "express the concern that unless police officers are required to give *Miranda* warnings despite the presence of counsel, a defendant 'forfeits his/her right to be informed of the privilege against self-incrimination merely because he/she has exercised the right to have counsel present.'"[46] In support of this concern, the cases cite *Simmons v. United States*,[47] a United States Supreme Court case, which states, "'[i]n these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order

---

[44]*Vos*, 164 P.3d at 1261-63 (quoting *Miranda*, 384 U.S. 436) (footnotes omitted) (emphasis in original).

[45]*State v. Joseph,* 128 P.3d 795, 810-11 (Hawaii 2006); *State v. DeWeese*, 582 S.E.2d 786, 795 (W. Va. 2003).

[46]*Vos*, 164 P.3d at 1262 (quoting *DeWeese* 582 S.E.2d at 795; citing *Joseph*, 128 P.3d at 810).

[47]390 U.S. 377 (1968).

to assert another.'"[48]  However, as the court of appeals points out, that *Simmons* comment does not involve *Miranda*.  Instead, it was in the context of holding that a defendant's testimony supporting an evidentiary challenge regarding the fruit of an unlawful search and seizure may not later be brought forth against him during trial to help determine his guilt.[49]

The court of appeals noted that "*DeWeese* and *Joseph* treat the receipt of *Miranda* warnings as an independent right rather than as a procedural safeguard," an "interpretation that is not supported by the language or logic of *Miranda*."[50]  It went on to point out that "*Miranda* expressly recognizes that its warnings are only one method of safeguarding the rights of an accused, and that other equally effective safeguards are constitutionally permissible," and "*Miranda*, in fact, lists the presence of counsel as one such alternative safeguard."[51]  The court of appeals then concluded, "[C]ounsel's presence at a custodial interrogation does not act as a waiver or forfeiture of any right that an accused person may have to receive *Miranda* warnings, but

---

[48]*Vos*, 164 P.3d at 1262 (quoting *Simmons*, 390 U.S. at 394).

[49]*Simmons*, 390 U.S. at 382.

[50]*Vos*, 164 P.3d at 1263.

[51]*Vos*, 164 P.3d at 1263 (citing *Miranda*, 384 U.S. at 466).

rather *substitutes* for the warnings as a means of protecting the accused's privilege against self-incrimination."[52]

Petitioner's cursory attack of the court of appeals's analysis is limited to: "Detective Parks testified that he did not Mirandize the petitioner because he had an attorney representing him on that matter. Detective Parks . . . violated the petitioner's constitutional rights."  He provides no argument that the court of appeals chose the wrong case under which to analyze his claim (and how could it have when it used the very case from which the reading of rights derives its name and from which the "verb" Mirandize derives?).

Petitioner completely ignores the federal statutory habeas standard of review.  He merely insists, without analysis, that his constitutional rights were violated.  However, based on its careful reading of the court of appeals' thorough analysis in this case, together with *Miranda* and United States Supreme Court cases addressing *Miranda* issues, this Court can find no hint that the court of appeals was unreasonable to observe that, counsel's presence at the interrogation breeding Petitioner's statement, protected his right against self incrimination.

---

[52]*Vos*, 164 P.3d at 1263 (emphasis in original).

CONCLUSION

Petitioner's ineffective-assistance-of-counsel claims are procedurally barred.  His other challenge based on his *Miranda* rights raises no valid ground for federal habeas relief.

IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 16th day of March, 2012.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge